

OCT 1 4 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| ANGELA BRAUD | : | CIVIL ACTION NO: 2:14-CV-03132 |
| VERSUS | : | JUDGE DONALD E. WALTER |
| SCOTTIE SPELL, RICKY FOX, AND THE TOWN OF VINTON, LOUISIANA | : | MAGISTRATE JUDGE KATHLEEN KAY |

## ORDER

Before the court are two motions filed on behalf of defendants Scottie Spell, Ricky Fox, and the Town of Vinton, Louisiana (collectively, "defendants"): (1) a "motion in limine to exclude any evidence and/or reference to the disposition of plaintiff's prior criminal prosecution from the trial on this matter," [Doc. #16]; and (2) a "motion to strike plaintiff's witnesses from testifying at trial," [Doc. #17]. After due consideration:

**IT IS ORDERED** that defendants' motion in limine, [Doc. #16], be and is hereby **DENIED**. The court acknowledges that the grand jury's failure to indict does not necessarily mean that the arresting officer lacked probable cause to effectuate the arrest. *Cormer v. Lindley*, 318 F. App'x 300, 301–02 (5th Cir. 2009). However, the court will allow plaintiff to introduce evidence of the "no true bill" for the limited purpose of establishing that the charges against her were ultimately dismissed and that she was not convicted of a crime. *See Peairs v. Jackson Cty., Miss.*, Civil Action No. 1:13CV402, 2015 WL 5666906 at *18 (S.D. Miss. Sep. 25, 2015) (noting that the grand jury had returned a "no true bill," but nonetheless holding that the arresting officer acted reasonably); *see also Sanders v. English*, 950 F.2d 1152 1164 n. 15 (5th Cir. 1992) (noting, in the malicious prosecution context, that the lack of probable cause to proceed with prosecution "could be inferred from the grand jury's decision to return a 'no true bill' and the subsequent dismissal of the charges against

[a § 1983 plaintiff]");

**IT IS FURTHER ORDERED** that defendants' motion to strike plaintiff's witnesses from testifying at trial, [Doc. #17] be and is hereby **DENIED**. The court has broad discretion in determining the consequences for failure to follow a scheduling order. *Barret v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Although plaintiff did not designate her witnesses until forwarding a draft pretrial order to defendants, the court does not find that this merits an order precluding plaintiff from presenting any witnesses. However, considering the late notice, the court finds that defendants should be given have an opportunity to take the deposition of any witnesses listed in the proposed pretrial order, [Doc. #19], before trial. Such depositions shall be at a time and place of defendants' designation, and plaintiff shall have the responsibility of making any witness available upon request. Plaintiff's refusal to tender a witness for deposition shall result in that witness being precluded from testifying at trial.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14 day of Oct, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE