U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 19 2015

TONY R. MOORE, CLERK
BY_____
        DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

ANGELA BRAUD            :    CIVIL ACTION NO: 2:14-CV-03132

VERSUS                 :    JUDGE DONALD E. WALTER

EVIN SCOTT SPELL, RICKY FOX, AND    :    MAGISTRATE JUDGE KATHLEEN KAY
THE TOWN OF VINTON, LOUISIANA

## MEMORANDUM RULING

A one-day bench trial was held in the above-captioned matter on Monday, November 9, 2015. [Doc. #29] At the close of the plaintiff's case, counsel for defendants moved for judgment under Federal Rule of Civil Procedure 52(c). *Id.* The court granted the motion with respect to defendants Ricky Fox and the Town of Vinton, Louisiana, finding: (1) that there was no showing that Chief Fox could be held liable for alerting local media of plaintiff's arrest; and (2) plaintiff had failed to make any showing that the Town of Vinton could be held liable under *Monell v. Department of Social Services,* 436 U.S. 658 (1978). Accordingly, for the reasons orally assigned at trial, judgment will be entered in favor of defendants Ricky Fox and the Town of Vinton, Louisiana.

However, the court denied defendants' Rule 52(c) motion with respect to plaintiff's claims against defendant Evin Scott Spell ("Detective Spell"). At the close of defendants' case, the court took those claims under advisement. Having considered the evidence, testimony, and applicable law, the court makes following findings:

### I. Federal Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Here, plaintiff Angela Braud ("Braud") claims a violation

of her Fourth Amendment right to be free from unreasonable seizure. To ultimately prevail on a §

1983 false arrest claim, Braud must show that Detective Spell did not have probable cause to arrest

her.[1] *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 658 (5th Cir. 2004). Probable cause exists if the

arresting officer had "reasonably trustworthy information . . . sufficient to warrant a prudent man in

believing that the petitioner had committed or was committing an offense." *Beck v. State of Ohio*,

379 U.S. 89, 91 (1964).

When an arrest is made under authority of a properly issued warrant, "the arrest is simply not

a false arrest." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (citing *Rodriguez v. Ritchey*,

556 F.2d 1185 (5th Cir. 1977)). A finding of probable cause by "an independent intermediary," such

as a magistrate, judge, or grand jury, "breaks the chain of causation unless it can be shown that the

deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand

v. Gary*, 838 F.2d 1420, 1427–28 (5th Cir. 1988). However, the Fifth Circuit recognizes that "both

intentional misrepresentations in warrant applications and material omissions from the same may

give rise to Fourth Amendment claims." *Johnson v. Norcross*, 565 F. App'x 287, 289 (5th Cir. 2014)

(citing *Kohler v. Englade*, 470 F.3d 1104, 1113–14 (5th Cir. 2006)).

In the instant case, Braud claims that Detective Spell submitted false or misleading

information and omitted exculpatory information in his affidavit. With respect to "false or

misleading information," Braud must demonstrate (1) that Detective Spell knowingly provided false

---

[1] Braud has suggested that Detective Spell should be held liable because "the investigation
done in this matter was done in a way that was recklessly disregarding [sic] of her civil rights." [Doc.
#26, p. 6]. The court rejects this argument. There is no cognizable claim for "unreasonable
investigation" under § 1983. *Shields v. Twiss*, 389 F.3d 142, 150–51 (5th Cir. 2004). Accordingly,
the court's discussion will focus on the sole appropriate inquiry of whether Braud was arrested
without probable cause.

information to secure the arrest warrants or gave false information in reckless disregard for the truth; and (2) that absent the false or misleading statements, the warrant application would have been insufficient to establish probable cause. *Freeman v. Cnty. of Bexar*, 210 F.3d 550, 553 (5th Cir. 2000) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). A similar analysis is involved with material omissions, *i.e.* Braud must prove: (1) that Detective Spell knowingly or recklessly omitted exculpatory information from the warrant application; and (2) that the warrant would not have established probable cause if the omitted information had been included. *Johnson*, 565 F. App'x at 289 (citing *Freeman*, 210 F.3d at 553).

Moreover, even if an officer arrests someone without probable cause, the officer may be entitled to qualified immunity. "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (citation and internal quotation marks omitted). The qualified immunity doctrine "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). An officer sued in his individual capacity is entitled to qualified immunity "if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which [the officer] was aware, there was a fair probability that [the plaintiff] had committed or was committing an offense." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir. 2004). In a case such as this, where an arrest was made pursuant to a warrant, the Supreme Court has held that "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable . . . will the shield of immunity be lost." *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986) (citation omitted).

Whether an officer is entitled to claim qualified immunity after successfully applying for a warrant depends on whether the officer acted in an "objectively reasonable" manner in so applying. *Id.* at 345. This question is answered by asking "whether a reasonably well-trained officer in [the officer's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Id.*

Having considered the evidence and testimony, the court finds that Detective Spell is, at the very least, protected by qualified immunity. Even if the court were to find that the affidavit did not establish probable cause, there is no basis for a finding that Detective Spell acted in an objectively unreasonable manner when he sought the warrant. Detective Spell conducted a thorough two-month investigation, and he accurately stated the findings of that investigation in his affidavit. The court cannot state that all other officers in Detective Spell's position would not have applied for a warrant. *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1994) ("[I]f officers of reasonable competence *could* disagree on whether or not there was probable cause to arrest a defendant, immunity should be recognized.") (emphasis in original). Accordingly, the court finds that the qualified immunity doctrine protects Detective Spell under these circumstances.

Additionally, the court finds that the affidavit sufficiently established probable cause. Nothing before the court indicates that Detective Spell's affidavit contained "false or misleading statements" or that the judge's decision to issue the warrant was based on any falsehoods.[2] It is true

---

[2] Braud suggested in her trial brief that the results of her polygraph should not have been discussed in the affidavit because "polygraph results are not admissible in any court anywhere." This argument is misplaced. Although Braud may be right that polygraph results cannot establish *guilt*, the Fifth Circuit has long held that "[p]olygraph examinations may be considered when determining *probable cause*." *Gliatta v. Jones*, 96 F. App'x 249, 254 (5th Cir 2004) (citing *Bennet v. City of Grand Prairie*, 883 F.2d 400, 405–06 (5th Cir. 1989)) (emphasis added). Furthermore, results of polygraph examinations may be considered for purposes of the qualified immunity analysis. *Gliatta*,

Detective Spell did not mention in his affidavit that Braud had given up her key to the medication box several days before the medication was reported missing, nor did he mention that Braud had no key to the box at the time that the number of pills mysteriously increased. However, Detective Spell did not "knowingly or recklessly [omit] exculpatory information" by failing to make the judge aware of these issues. *Johnson*, 565 F. App'x at 289. At trial, Detective Spell explained that he did not discuss who had keys to the lockbox on what dates for several reasons, including: (1) the day that the medications were taken out of the pill bottles could not be determined; (2) there remained a possibility that the lockbox could have been accessed without a key by using the supposedly defunct numerical keypad; and (3) the lockbox could have been left unlocked at the time the pills were taken and replaced. Accordingly, it does not appear that Detective Spell left out a discussion of the keys in order to make his case appear stronger. Furthermore, even if the issue of keys had been included in the affidavit, the court finds that the reviewing judge *still* would have found probable cause. The remainder of the information in the affidavit—the polygraph examination results, the medication audit report from the previous school year, the statements from VES staff, and the statements of Braud's ex-husband and daughter—was certainly sufficient for a finding of probable cause, and the inclusion of information regarding the keys to the lockbox would not have changed  that finding.

Accordingly, the court finds that Braud's arrest did not run afoul of her federal constitutional rights. Therefore her claim against Detective Spell under 42 U.S.C. § 1983 fails.

### II. State Law Claims

In addition to her claims under § 1983, Braud's complaint states that her arrest constituted a violation of her rights under the Louisiana Constitution. [Doc. #1, p. 4]. She also claims that

---

96 F. App'x at 254. As such, Detective Spell properly discussed the polygraph results in his affidavit.

defendants are liable to her in tort under Louisiana law. *Id.*

### A. La. Const. art. I, § 5

Braud does not specify the basis for her state constitutional claim, but the nature of her complaint suggest that she is relying on Article I, § 5 of the Louisiana Constitution of 1974, which provides as follows

> [e]very person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search.

LA. CONST. ANN. art. I, § 5 (2006). In *Moresi v. State Through Dept. Of Wildlife and Fisheries*, the Louisiana Supreme Court held that a person may recover damages for injuries or loss caused by a violation of the above section. 567 So. 2d 1081, 1092–93 (La. 1990). However, the *Moresi* court went on to hold that "[t]he same factors that compelled the United States Supreme Court to recognize a qualified good faith immunity for state officers under § 1983 require us to recognize a similar immunity for them under any action arising from the state constitution." *Id.* at 1093 Accordingly, for the same reasons Detective Spell is protected by qualified immunity under § 1983, the court concludes that he is also immune from Braud's state constitutional claim.

### B. False Arrest

Under Louisiana law, the tort of false arrest, or false imprisonment, has two essential elements: (1) detention of a person; and (2) the unlawfulness of such detention. *Tabora v. City of Kenner*, 94-613 (La. App. 5 Cir. 3/3095); 650 So. 2d 319, 322. "To prove false arrest, the plaintiff must show that the arrest was made without any legal process or warrant or under a warrant null and void on its face." *Stark v. Eunice Superette, Inc.*, 457 So. 2d 291, 295 (La. App. 3 Cir. 1984). A

facially valid arrest warrant immunizes arresting officers from false arrest and imprisonment claims.
*Deville v. Marcantel*, 567 F.3d 156, 172 (5th Cir. 2009) (citations omitted) (discussing false arrest
and imprisonment claims under Louisiana law). Additionally, "even where an arrest warrant is found
invalid, an arrest based on such a warrant may be valid where probable cause exists that a crime has
been committed." *Deville v. Jefferson Parish Sheriff's Dept.*, 99-1629 (La. App. 3 Cir. 8/31/00); 762
So. 2d 641, 643 (citing *State v. Keno*, 534 So. 2d 160 (La. App. 3 Cir. 1988), *writ denied*, 540 So.
2d 338 (La. 1989)).

Here, there has been no evidence presented that the arrest warrant was facially invalid.
Furthermore, the court has already found that the arrest was made with probable cause. Accordingly,
Braud has failed to establish a false arrest claim against Detective Spell under Louisiana law.

### C. Malicious Prosecution

There is no freestanding federal claim for malicious prosecution. *Castellano v. Fragozo*, 352
F.3d 939 (5th Cir. 2003) (en banc). However, such a claim is recognized under Louisiana law, which
provides that

> a civil action for malicious prosecution requires the concurrence of the following
> elements: (1) the commencement or continuance of a criminal proceeding; (2) its
> legal causation by the present defendant against plaintiff, who was defendant in the
> original (criminal) proceeding; (3) its bona fide termination in favor of the present
> (civil) plaintiff; (4) the absence of probable cause for such proceeding; (5) the
> presence of malice therein; and (6) damages.

*Winn v. City of Alexandria*, 96-492 (La. App. 3 Cir. 11/20/96); 685 So. 2d 281, 284 (citations
omitted). Malice exists when a charge is made with knowledge that it is false or with reckless
disregard for the truth. *Aucoin v. Aetna Cas. & Sur. Co., Inc.*, 520 So. 2d 795, 798 (La. App. 3 Cir
1987) (citation omitted). In order to succeed on a malicious prosecution claim, "a clear case must
be established where the forms of justice have been perverted to the gratification of private malice

7

and the willful oppression of the innocent." *Johnson v. Pearce*, 313 So.2d 812, 816 (La. 1975).

For the reasons already explained, the court finds that Detective Spell had probable cause to arrest Braud. Additionally, no evidence suggests that there was any malice on his part. Accordingly, Braud's malicious prosecution claim fails.

### D. Negligence

To the extent that Braud advances a negligence claim against Detective Spell, such a claim is governed by the general duty-risk analysis applied to all negligence claims. *Batiste v. Gutierrez*, 06-911 (La. App. 3 Cir. 12/6/06); 944 So. 2d 840, 843. The duty-risk analysis requires proof: (1) that the defendant had a duty to conform his conduct to a specific standard of care; (2) that the defendant failed to conform his conduct to that standard; (3) that the substandard conduct was a cause-in-fact of the injury; (4) that the substandard conduct was a legal cause of the injury; and (5) damages. *E.g.*, *id.* As the Louisiana Third Circuit court of appeal stated in *Wellman v. Evans*:

> A police officer, in carrying out his authority to enforce laws, has a duty to perform his function with due regard for the safety of all citizens who will be affected by his action. *Hardy v. Bowie*, 98-2821 (La. 9/8/99); 744 So. 2d 606. An officer must act reasonably to protect life and limb, to refrain from causing injury or harm, and to exercise respect and concern for the well being of those he is employed to protect. *Syrie v. Schilhab*, 96-1027 (La.5/20/97); 693 So. 2d 1173. In considering whether an officer breached his duty, the court's task is not to determine whether the officer should have acted differently or if there were better options available, but only to determine whether his actions were reasonable under the totality of the circumstances. *Id.*

03-1720 (La. App. 3 Cir. 6/16/04); 876 So. 2d 954, 959 (citations in original).

The court finds that Detective Spell acted reasonably under the totality of circumstances. He conducted a thorough investigation, submitted a valid warrant application to be reviewed by a neutral intermediary, and arrested Braud pursuant to that warrant. There is simply no indication that Detective Spell acted negligently under the facts of this case. Accordingly, Braud's negligence claim

also fails.

### III. Attorneys' Fees

Under, 42 U.S.C. § 1988, a court may, in its discretion, allow the prevailing party in a § 1983 case to recover reasonable attorney fees. 42 U.S.C. § 1988(b). A prevailing defendant must show that the plaintiff's civil rights action was "vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). The court declines to award defendants attorneys' fees. Defendants could have obtained pre-discovery resolution of this matter by filing a motion for summary judgment based on qualified immunity.

### IV. Conclusion

For the foregoing reasons, the court finds in favor of defendants on all claims. Accordingly, **IT IS ORDERED** that plaintiff's claims be and hereby are **DISMISSED, WITH PREJUDICE.** A separate judgement will be issued herewith.

THUS DONE AND SIGNED in Shreveport, Louisiana, this *19* day of *Nov*, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

9